# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANDRA B. TOODLE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 05-0931-CV-W-FJG |
| GEORGE BUSH, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1). In her motion, plaintiff states that she is 54, divorced and unemployed. Plaintiff gives an address in Denver, Colorado. She states that she is unemployed and lists no previous employment. She states that he owns no property or vehicles. She states that she has $7.00 cash in hand in a checking account. Plaintiff states that in the past twelve months she has received approximately $873.00 a month in SSI benefits. Plaintiff lists $146.17 weekly rental expense, $150.00 grocery expense, and $300.00 in other expenses. Based on t his information, the Court finds that plaintiff is sufficiently impoverished. However, in reviewing plaintiff's in forma pauperis application, the Court is also obligated to review the plaintiff's Complaint.

> Pursuant to 28 U.S.C. § 1915 (e) (2) (B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46

(1957); Jackson Sawmill Co. Inc. v. U.S., 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

> In reviewing a pro se complaint under § 1915 (e) (2) (B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Taylor v. United States, No. 4:97CV2305, 1997 WL 1008226, *1 (E.D.Mo. Dec. 18, 1997). Additionally, 28 U.S.C. § 1391 states in part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In reviewing plaintiff's Complaint it is unclear exactly what she is alleging, it appears that she is alleging involuntary servitude, malpractice and illegal pornography. However, it is unclear exactly who suffered these injuries, over what period of time this happened and who is allegedly responsible. It is also unclear to the Court whether any of the alleged actions occurred in the Western District of Missouri.

In order to adequately determine if plaintiff has a federal claim against the defendants the Court finds that additional factual information is necessary. Accordingly, plaintiff is hereby ordered to respond to this Order and to provide the Court with an Amended Complaint which sets forth in greater detail the particulars of the alleged incidents, which defendants were involved, when the events were alleged to have occurred and why she thinks the case should be filed in the Western District of Missouri. After the Court has reviewed the additional information, the Court will make a final

determination as to the sufficiency of plaintiff's Complaint and whether it should be filed and served on the defendants.  Plaintiff shall file a response on or before January 20, 2006. Plaintiff shall attach her amended Complaint to the response she files with the Court.  Accordingly, plaintiff's Motion for Appointment of Counsel and for Leave to Proceed in Forma Pauperis are hereby provisionally **DENIED**.  The Court will reconsider these motions after plaintiff provides the requested information.

The Clerk of the Court is hereby directed to send a copy of this Order to plaintiff by regular U.S. mail and by certified mail, return receipt requested at the address listed below:

| | |
|---|---|
| Sandra Toodle | Sandra Toodle |
| 1470 Grant Street # 206 | 433 Ellis Street # 229 |
| Denver, Colorado 80203 | San Francisco, CA 94102 |

Date: December 22, 2005  **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri  Fernando J. Gaitan Jr.
United States District Judge